JUSTICE COTTER
concurs.
¶18 I concur in the Court’s Opinion because it appears to be in accordance with ample precedent in our construction lien case law. I write separately to express my view that cases such as this seem to confound the purpose underlying the construction lien statutes.
*47 ¶19 The policy underlying the construction lien statutes is to ensure that a contractor who has performed satisfactory construction work in accordance with a contract receives payment. One who perfects a construction lien is entitled, among other perks, to priority of payment (§§ 71-3-541 and -542, MCA) as well as the recovery of attorney fees incurred in the filing of the lien and any ensuing litigation (§ 71-3-124(1), MCA)-benefits not available to parties in common law litigation. The statutory scheme was not intended, it seems to me, to provide a forum for litigating factual disputes over who must pay for work that was clearly not satisfactorily completed in the first instance.
¶20 The amount Sudan is now attempting to recover is the expense incurred in installing the abandoned first well. Regardless of whose fault this abandonment was, the undisputed fact is that the first well was neither “completed nor substantially completed” in accordance with the contract. This being so, the condition precedent for the perfection of a construction lien vis-a-vis the first well-that the work was substantially completed in accordance with the contract-was never met. Durand, 232 Mont. at 351, 757 P.2d at 1305. This appears to have been the basis for the District Court’s decision in this matter. Unfortunately, over the years, courts have implicitly condoned the utilization of the construction lien statutory scheme as a tool to resolve not only disputes over payment for satisfactory and complete work, but also as a mechanism to litigate disagreements over unsatisfactory work, as here. See e.g. Rossi v. Pawiroredjo, 2004 MT 39, 320 Mont. 63, 85 P.3d 776.
¶21 I am not suggesting that contractors whose work is rejected as a result of the fault of another should have no forum for recovery of their losses; provided they could establish that the problems with the work were occasioned by the negligence of another, they could recover their losses in a common law suit for damages against the culpable party. However, it seems especially unsuitable to litigate cases like this one under the auspices of the construction lien statutes, when full payment was made for the work that was actually properly completed, leaving only the work that was not properly done as the subject of a construction lien. In this respect, I understand why the District Court ruled as it did, and find its logic in doing so compelling. I nonetheless join the Court’s decision because our jurisprudence in the construction lien field has expanded to cover virtually every claim for construction payment, whether or not the work at issue was substantially completed in accordance with the contract. I therefore concur.
JUSTICE NELSON concurs.
*48 ¶22 While the Court’s Opinion is written in accordance with existing jurisprudence, I agree with Justice Cotter’s Concurrence. Our caselaw has strayed far afield of the purpose of the construction lien statutes. This will be an interesting issue to take up if and when it is properly preserved for appeal in the trial courts and argued here.